**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4661**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GALEN CLIFTON SHAWVER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:00-cr-00262-TDS-2)

Submitted: May 5, 2016              Decided: May 11, 2016

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Duane K. Bryant, LAW OFFICE OF DUANE K. BRYANT, High Point, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2001, a federal jury convicted Galen Clifton Shawver of several counts of mail and wire fraud, conspiracy, and money laundering. He was sentenced to 132 months of imprisonment, followed by 3 years of supervised release. The district court subsequently found that Shawver had violated the terms of his supervised release. The court revoked Shawver's supervised release and sentenced him to 2 months of imprisonment, followed by 34 months of supervised release.

After his release from incarceration, the court again revoked Shawver's supervised release and sentenced him to 30 days of imprisonment, without imposing a further term of supervised release. Shawver appeals, and on appeal counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the court abused its discretion in revoking Shawver's supervised release and whether his sentence is plainly unreasonable. Shawver has also filed a pro se supplemental brief raising additional issues. During the pendency of this appeal, Shawver was released from incarceration. For the reasons that follow, we dismiss Shawver's appeal as moot.

Although the parties have not raised the issue, we may address the issue of mootness sua sponte, "since mootness goes to the heart of the Article III jurisdiction of the courts."

2

_Friedman's, Inc. v. Dunlap_, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." _United States v. Hardy_, 545 F.3d 280, 283 (4th Cir. 2008) (internal quotation marks omitted). Upon the expiration of a defendant's sentence "some concrete and continuing injury other than the now-ended incarceration or parole -- some collateral consequence of the conviction -- must exist if the suit is to be maintained." _Id._ (internal quotation marks omitted).

Here, Shawver has been unconditionally released from incarceration for the supervised release revocation. Shawver has failed to identify any collateral consequences stemming from that revocation and we can discern none. _See Hardy_, 545 F.3d at 284-85. Accordingly, we dismiss the appeal as moot and deny Shawver's motion to expedite the decision.

This court requires that counsel inform Shawver, in writing, of the right to petition the Supreme Court of the United States for further review. If Shawver requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shawver. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED